IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEO JACOB DORBAD,

    Petitioner,

v.                                  CASE NO. 1:13-cv-00081-MP-GRJ

MICHAEL D CREWS, SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondents.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 8, 2016. (Doc. 20). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner originally moved for an extension of time to file objections, Doc. 21, which was granted. (Doc. 22). When Petitioner failed to file his objections, the Court previously entered an order adopting the Report and Recommendation, which dismissed Petitioner's § 2254 habeas petition. (Doc. 23). The Court then received Petitioner's Rule 60(b) motion to reopen his case. (Doc. 25). After consideration of the extenuating circumstances, the Court granted the request, vacated its prior order adopting the Report and Recommendation, and gave Petitioner leave to file his objections to the Report and Recommendation. (Doc. 26). Petitioner has timely filed objections at Doc. 27.  I have made a *de novo* review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. When reviewing a

claim of the sufficiency of the evidence on federal habeas review, this Court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Furthermore, "that limited review does not intrude on the jury's role 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (quoting *Jackson*, 443 U.S. at 319). In this case, Petitioner is attempting to have the Court do just that and to usurp the jury's role. The Court determines that a rational trier of fact could have found the essential elements of the crime presented beyond a reasonable doubt.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 20, is adopted and incorporated by reference in this order.

2. The clerk is directed to enter judgment stating "The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, is **DENIED**. A certificate of appealability is **DENIED**."

3. The clerk is directed to close the file

**DONE AND ORDERED** this *13th* day of December, 2016

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge